IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

IN RE: CONSERVATORSHIP OF
FELICIA O. UDOJI

| | |
|---|---|
| MARK KING (CONSERVATOR),<br>MERCY UDOJI,<br>TIMOTHY UDOJI,<br>ESTHER UDOJI,<br>CHRISTIANA UDOJI, | )<br>)<br>)<br>)<br>) Case No.<br>) |
| Petitioners, | )<br>)<br>) |
| v. | )<br>) |
| FELICIA C. UDOJI-EDDINGS, | )<br>) |
| Respondent. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Respondent Felicia C. Udoji-Eddings ("Udoji-Eddings") hereby removes the probate action entitled *In Re: Conservatorship of Felicia O. Udoji, Case No. 21P-2453* (the "Removed Case") from the Second Circuit Court for the Twentieth Judicial District Sitting in Nashville, Tennessee, where it is now pending, to the United States District Court for the Western District of Missouri. In support of removal, Udoji-Eddings states the following:

**I.    PROCEDURAL POSTURE**

1.    Petitioners Mark King ("King") (acting as Conservator for Felicia O. Udoji), Mercy Udoji, Timothy Udoji, Esther Udoji and Christiana Udoji ("Udoji Siblings") filed their joint Petition for Reimbursement on October 21, 2022 in the existing Conservatorship case in the Second Circuit Court for the Twentieth Judicial District Sitting in Nashville, Tennessee.

2. Petitioners allege to have served Respondent on October 8, 2022, not personally, but left on the front porch at 25902 Silver Lane, Waynesville, Missouri 65583.

3. In their Petition, Petitioners claim that Udoji-Eddings used real estate transactions to steal money from her mother, Felicia O. Udoji.

4. Petitioners claim that the value of the real property and money stolen by Udoji-Eddings is in excess of four hundred thousand dollars ($400,000.00).

5. The real property at issue is located in Waynesville, Missouri.

6. The banking and related transactions occurred in the State of Missouri.

7. The actions complained of in the Petition occurred when Felicia O. Udoji lived in the State of Missouri.

8. The actions complained of in the Petition occurred before the Conservatorship was established in Tennessee.

9. Udoji-Eddings engaged an attorney in Nashville, Tennessee to represent her in this matter in Tennessee. Udoji-Eddings has been challenging both service of process and the jurisdiction of the Tennessee Court.

10. On December 9, 2022, the Tennessee Court entered its order that Petitioners had completed service of process, that the Tennessee Court has jurisdiction over both Udoji-Eddings personally, and over the subject matter of the proceedings.

11. The Court then set all remaining matters for December 13, 2022 at 10:00 a.m.

12. All remaining matters include the following filed by Petitioners:

    a. Petition for Reimbursement;

    b. Petition for Contempt;

    c. Motion to Turn Over Assets (With Joint Motion);

2

Case 6:22-cv-03314-LMC   Document 1   Filed 12/12/22   Page 2 of 4

    d.  Motion to Establish Constructive Trust (Within Joint Motion);

    e.  Motion to Formally Add Parties; and

    f.  Respondent's Motion to Dismiss.

  13.  The Court in Tennessee is clear in its intent to assert jurisdiction over real property located in Missouri.

  14.  RSMo. § 508.030 states that suits for possession of real estate, or whereby the title thereto may be affected…shall be brought in the county where such real estate, or some part thereof, is situated. The real property in this case is Pulaski County, Missouri.

  15.  Petitioners are asking the Court in Tennessee to find that Respondent committed crimes in Missouri, yet sentence the Respondent Udoji-Eddings, to jail in Tennessee.

  16.  Petitioners' only basis for jurisdiction in Tennessee for their claims are that Felicia O. Udoji lives there now.

  17.  Respondent/Defendant Udoji-Eddings lives in Missouri. The real property at issue is located in Missouri. The financial transactions occurred in Missouri. The evidence and witnesses are located in Missouri.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

  18.  This action is properly removed to this Court because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states, pursuant to 28 U.S.C. § 1332.

  19.  Diversity is absolute in this case because the only party that resides in the State of Missouri is the Respondent Udoji-Eddings, consistent with 28 U.S.C. §§ 1332, 1441.

  20.  The Court declared service and found jurisdiction over Respondent by order on December 9, 2022.

21. A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446 (b)(3).

22. Pursuant to 28 U.S.C. 1446(a), attached as Exhibits A-D are true and correct copies of all process, pleadings, and orders filed in the State Court Action, that are related to this Removal Action.

23. Pursuant to 28 U.S.C. § 1446(d), with the filing of this Notice of Removal, Udoji-Eddings is simultaneously (or as close in time as possible by counsel in Tennessee) (a) serving all parties, by their attorneys, with a copy of this Notice of Removal; (b) filing a copy of the Notice of Removal in the Second Circuit Court for the Twentieth Judicial District sitting in Nashville, Tennessee. A copy of the Notice of Removal filed in the State Court Action is attached hereto as Exhibit E.

WHEREFORE, notice is hereby given that this action is removed from Tennessee Circuit Court to the United States District Court for the Western District of Missouri.

Dated: December 12, 2022　　　　　　　　KAPKE & WILLERTH, L.L.C.

_____
Daniel S. Hobart, Mo. # 50143
3304 NE Ralph Powell Rd
Lee's Summit, MO 64064
Tel.　816-461-3800
Fax　816-254-8014
dan@kapkewillerth.com

ATTORNEY FOR FELICIA UDOJI-EDDINGS

4