IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARK KING, CONSERVATOR FOR FELICIA O. UDOJI, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 22-03314-CV-S-LMC |
| FELICIA C. UDOJI-EDDINGS, | ) ) ) |
| Defendant. | ) ) |

ORDER

This matter is before the Court on Plaintiff's Combined Motion to Sever and Remand Conservatorship and Suggestions in Support (Doc. #9). For the reasons listed below, the conservatorship portion of this claim and the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji are severed and remanded to the Second Circuit Court for the Twentieth Judicial District Sitting in Nashville, Tennessee.

I. BACKGROUND

On December 12, 2022, Defendant Felicia C. Udoji-Eddings removed this matter to this Court. (Doc. #1.) The proceedings originated out of a conservatorship proceeding, wherein an Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji was pending. (Doc. #1.) Additionally, on October 21, 2022, Mark King, the Conservator for Felicia O. Udoji, filed a Petition for Reimbursement in the conservatorship proceeding. (Doc. #1.) In removing the action to this Court, Defendant Felicia C. Udoji-Eddings removed the entire conservatorship proceeding to this Court. Plaintiff Mark King seeks to sever and remand the conservatorship portion of this action to the Tennessee state

court but makes no objections to the Petition for Reimbursement and the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji "remaining under the jurisdiction of this Court[.]" (Doc. #9.) In her response to the motion to remand, Defendant Felicia C. Udoji-Eddings agrees with Plaintiff that the conservatorship proceedings should be severed and remanded, but requests that the Petition for Reimbursement and the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji remain with this Court. (Doc. #15.)

## II. DISCUSSSION

A federal court may exercise diversity jurisdiction "of all civil actions, where the matter in controversy exceeds the sum or value of $75,000" and complete diversity of citizenship between the parties exist. 28 U.S.C. §1332(a). The parties are in agreement that the conservatorship should be remanded to the Tennessee state court. The Court notes that the conservatorship was previously established in Tennessee. Therefore, this Court is precluded from taking up the conservatorship. *See Marshall v. Marshall*, 547 U.S. 293, 311, 126 S. Ct. 1735, 1748 (2006) (holding that "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*."). The conservatorship will therefore be remanded to the Second Circuit Court for the Twentieth Judicial District Sitting in Nashville, Tennessee.

In the original briefing on the Plaintiff's Combined Motion to Sever and Remand Conservatorship and Suggestions in Support, both parties requested that the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji remain with this Court. (Doc. # 9 at 4; Doc. #15 at 2.) On January 26, 2023, the undersigned issued an Order to Show Cause, which in part required Defendant Felicia C. Udoji-Eddings to establish

grounds for this Court to take jurisdiction of the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji. In the Order to Show Cause, the undersigned noted that "[s]uits that are 'merely auxiliary to the original action,' may not be removed." (Doc. #14; citing *First Nat. Bank v. Turnbull & Co.*, 83 U.S. 190, 195, 21 L. Ed. 296 (1872); *see also Abeles v. Wolk*, 2022 WL 1555906, at *2 (S.D.N.Y. May 16, 2022), appeal dismissed (July 26, 2022) (remanding a non-party contempt motion because the motion was "plainly incidental to the underlying state court action[.]"); *LaFlamme v. HSBC Mortg. Servs., Inc.*, No., 2010 WL 2639874, at *1 (D. Mass. June 24, 2010) (remanding a contempt complaint because it was ancillary to a state court action); *Cf. Gray v. Petoseed Co.*, 985 F. Supp. 625, 632 (D.S.C. 1996), *aff'd*, 129 F.3d 1259 (4th Cir. 1997) (declining to exercise jurisdiction of a compensatory contempt claim on the basis of comity).) In response, Defendant Felicia C. Udoji-Eddings conceded that the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji must be remanded as well. Therefore, the Court will sever and remand both the conservatorship and the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji. The only matter remaining for this Court is the Petition for Reimbursement.

### III. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Combined Motion to Sever and Remand Conservatorship and Suggestions in Support (Doc. #9) is GRANTED. The conservatorship proceedings as well as the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji is remanded to the Second Circuit Court for the Twentieth Judicial District Sitting in Nashville, Tennessee.

It is further

ORDERED that the Clerk of Court is directed to mail a certified copy of this Order to the Second Circuit Court for the Twentieth Judicial District Sitting in Nashville, Tennessee.

    */s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE