IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARK KING, CONSERVATOR FOR FELICIA O. UDOJI, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 22-03314-CV-S-LMC |
| v. | ) ) | |
| FELICIA C. UDOJI-EDDINGS, | ) ) | |
| Defendant. | ) | |

ORDER

On January 26, 2023, the undersigned issued an Order to Show Cause requiring the Defendant Felicia C. Udoji-Eddings to provide the citizenship of each party to establish subject matter jurisdiction. (Doc. #14.) Citing language from the Notice of Removal discussing the Defendant's residency, the undersigned noted that residency is not synonymous with citizenship. (Doc. #14 at 1.)

In response to the Order to Show Cause, Defendant argues that her statement that "[d]iversity is absolute in this case because the only party that resides in the State of Missouri is the Respondent Udoji-Eddings" was "all that is required to establish complete diversity." (Doc. #17 at 5.) Defendant concedes that the Notice of Removal did not state the citizenship of *all parties*. (Doc. #17 at 5.) The Eighth Circuit has long held that "[w]hen jurisdiction is based on diversity of citizenship, *the pleadings, to establish diversity*, must set forth with *specificity* the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (emphasis added.) The pleadings in this matter

did not specify the citizenship of each party. (Doc. #1.) It is not sufficient to assert diversity in the negative.

Nevertheless, Defendant argues that she specified the citizenship of each party in the Civil Cover Sheet where she indicated that "petitioners are *residents* of Tennessee and Georgia while the Respondent is a resident of Missouri." (Doc. #17 at 5 (emphasis added).) As indicated in the Order to Show Cause, being a resident of a state and being citizen of a state are not synonymous, and statements of residency do not suffice to establish subject matter jurisdiction. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) (finding that the court "cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.") Despite Defendant's characterization of the Civil Cover Sheet's language, a review of the Civil Cover Sheet reveals that Defendant indicated the citizenship of each of the parties. The Civil Cover Sheet, however, specifically states that the "data is required for the use of the Clerk of Court for the purposes of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law." (Doc. #1-6.) Therefore, the Civil Cover Sheet can not serve to supplement the pleading to establish diversity in this matter. *See Mavrommatis v. Carey Limousine Westchester, Inc.*, 476 F. App'x 462, 467 (2d Cir. 2011) (rejecting the notion that the civil cover sheet can supplement the pleadings to establish subject matter jurisdiction.) Furthermore, because Defendant has utilized citizen and resident interchangeably the Court cannot be satisfied that the Defendant has adequately pled the *citizenship* of each party.

The Court will provide one last opportunity for the Defendant to correct the pleadings. Defendant is given leave to file an Amended Notice of Removal that adequately pleads the citizenship of all parties. Failure to do so will result in this matter being remanded.

2

## I. CONCLUSION

Based on the foregoing, it is

ORDERED Defendant shall file an Amended Notice of Removal that specifies the citizenship of all parties no later than March 10, 2023.

 

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE