IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MARK KING, Conservator for FELICIA O. UDOJI, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) Case No. 22-03314-CV-S-LMC |
| v. | )<br>) |
| FELICIA C. UDOJI-EDDINGS, *et al.*, | )<br>) |
| Defendants. | ) |

ORDER

Pending before the Court is Defendants' Motion to Dismiss or in the Alternative to Remand (Doc. #63) and Defendants Motion for Extension of Time to File an Answer to the Plaintiff's First Amended Complaint and to Extend All Scheduling Deadlines (Doc. #58).[1]

I. BACKGROUND

This matter initially started as part of a conservatorship proceeding in the Second Circuit

---

[1] On February 27, 2023, the consent of all the parties in the case at that time were filed in the docket. Because the Amended Complaint added two new Defendants, the Clerk's office sent a Notice of Magistrate Judge Assignment to the parties requesting that the two new Defendants file the Notice of Magistrate Assignment Form indicating whether the parties consented to the exercise of jurisdiction by a magistrate judge in accordance with 28 U.S.C. § 636(c)(1), and Fed. R. Civ. P. 73(c). (Attachment A.) On January 29, 2024, the undersigned's law clerk sent an email to all parties regarding the consent form. (Attachment B.) Defendants were notified that "[g]iven the length of time this matter has been pending before Judge Counts, the relationship of the two new entities to the existing Defendant who has already consented to proceeding before a magistrate judge, and the failure to specifically object to a magistrate judge proceeding in this matter, the Court will infer consent of the two new Defendants if the form is not returned by February 2, 2024. *See Roell v. Withrow*, 538 U.S. 580, 590, 123 S.Ct. 1696, 1703 (2003) (finding that implied consent is permissible when counsel has been informed of the right to refuse consent and has "signaled consent to the magistrate judge's authority through actions rather than words" by continuing to appear before a magistrate judge). Defendants did not return the Notice of Magistrate Assignment Form and have not requested an extension of time to do so. Therefore, this Court will infer consent in this matter pursuant to the reasons indicated in the email to the parties on January 29, 2024.

Court for the Twentieth Judicial District sitting in Nashville, Tennessee. On October 21, 2022, the conservator for Felicia O. Udoji, Mark King, filed a Petition for Reimbursement in the conservatorship proceeding which alleged elder abuse. (Doc. #1-2 at 10-25.) More specifically, the conservator, along with four of Felicia O. Udoji's adult children, alleged that Defendant Udoji-Eddings depleted Felicia O. Udoji's assets by $433,947.85, some of which was used to purchase property in Missouri. (Doc. #1-2 at 15.)

On December 12, 2022, Defendant Felicia C. Udoji-Eddings removed the matter to this Court on the basis of diversity of citizenship, arguing that the real properties at issue are located in Missouri, that Defendant Udoji-Eddings lives in Missouri, and the financial transactions occurred in Missouri. (Doc. #1, and as amended by Doc. #28.) In removing the matter, however, Defendant Udoji-Eddings also removed the entire conservatorship proceeding. The undersigned severed the conservatorship along with the Amended Petition for Criminal and Civil Contempt and to Further Restrain Felicia C. Udoji and remanded those matters to the Second Circuit Court for the Twentieth Judicial District sitting in Nashville, Tennessee. (Doc. #22.) On May 10, 2023, Plaintiffs filed an Amended Complaint, added F and C Homes, LLC and The Health Pals Company, LLC as defendants, and in addition to elder abuse (Count 4), added the following claims: conversion – taking (Count 1), conversion – failure to surrender possession (Count 2), and misrepresentations – pecuniary loss (Count 3). (Doc. #36.) On June 7, 2023, the undersigned granted a joint motion extending certain deadlines, one of which was the deadline for Defendant Udoji-Eddings' answer or other responsive pleading, which was reset to July 9, 2023. (Doc. #42.)

On May 3, 2023, the undersigned permitted one of Defendant Udoji-Eddings' attorneys to withdraw from the matter. (Doc. #35.) Then in August, Defendant Udoji-Eddings' last remaining attorney requested leave to withdraw. (Doc. #45.) After a telephone conference on the matter, the

undersigned permitted the attorney to withdraw and gave Defendants forty-five days within which to obtain new counsel. (Doc. #53.)

On October 20, 2023, attorney Henry C. Service entered an appearance in this matter and filed a request for an extension of time to answer and to extend all scheduling deadlines. (Doc. ## 57, 58.) On October 23, 2023, the undersigned directed the parties to confer regarding a proposed discovery and trial schedule. (Doc. #59.) Later that day, on October 23, 2023, Defendants filed Suggestions of Death which indicated that Plaintiff Felicia O. Udoji had died. (Doc. #60.) Upon the request of the parties, the undersigned set a hearing on this matter, at which time defense counsel expressed concern that this Court no longer has jurisdiction. The undersigned gave Defendants thirty days within which to file a motion to remand. (Doc. #62.) Defendants have now filed a motion to dismiss or in the alternative a motion to remand. (Doc. #63.)

## II.  LEGAL STANDARD

Defendants have moved to dismiss, but do not identify precisely which provision of Rule 12 they are proceeding under.[2] Defendants do not appear to attack the Amended Complaint's allegations, but instead appear to argue that this Court is not the proper Court to hear this matter. Therefore, the Court will treat the motion as if it is a motion under 12(b)(1) and/or a motion to remand for lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

"Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). In fact, the Court has an independent obligation to determine whether it has subject matter jurisdiction.

---

[2]  The Court notes that Defendants have also cited Rules 28 and 41 of the Federal Rules of Civil Procedure as bases for their motion. Rule 28 discusses persons before whom depositions may be taken. Rule 41 pertains to voluntary dismissals by the parties and involuntary dismissal due to a failure to prosecute or to comply with the court rules and/or orders. Neither rule, therefore, supports Defendants request.

3

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). All factual allegations in the pleadings are taken as true and viewed in favor of the nonmoving party. *Great Rivers Habitat All. v. Fed. Emergency Mgmt. Agency*, 615 F.3d 985, 988 (8th Cir. 2010). The party seeking jurisdiction has the burden of proving that subject matter jurisdiction exists. *Magee v. United States*, 9 F.4th 675, 680 (8th Cir. 2021).

In a case removed to federal court, if at any time prior to final judgment subject matter jurisdiction is lacking, then the district court must remand the matter. 28 U.S.C. § 1447(c). "The proponents of federal jurisdiction bear 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)).

### III. DISCUSSION

As discussed earlier, Defendants have failed to specifically argue the basis for their motion to dismiss. Therefore, this Court will treat the motion as if brought under Rule 12(b)(1). To the extent Defendants desire to bring their motion under any other provision it is deemed waived as failing to adequately cite to the rule or any legal citations supporting the motion. *See Lusby v. Union Pac. R. Co.*, 4 F.3d 639, 642 (8th Cir. 1993) (stating that "[w]hen a point is argued but unsupported by citations and authorities, the court might well decide not to trouble itself with independent research, and reject the point on its merits, depending on the nature of the issue."). The Court recognizes that the Defendants have failed to mention subject matter jurisdiction in their brief; nevertheless, the Court has an independent basis for determining whether subject matter jurisdiction is lacking and will therefore address the issue. *Arbaugh*, 546 U.S. at 514.

4

Case 6:22-cv-03314-LMC   Document 66   Filed 02/06/24   Page 4 of 13

This matter was removed to this Court on the basis of diversity jurisdiction. (Doc. #1, and as amended by Doc. #28.) "Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship." *Johnson v. Midwest Div. - RBH, LLC*, 88 F.4th 731, 735 (8th Cir. 2023). The Court notes that while Defendants request dismissal, or in the alternative to remand, where a "case did not originate in federal court but was removed there by the defendants, the federal court must remand the case to the state court from whence it came." *Wallace v. ConAgra Foods, Inc.*, 747 F.3d 1025, 1033 (8th Cir. 2014). There is no discretion to dismiss in such a situation, as the statute states that if a court determines it lacks subject matter jurisdiction then "*the case shall be remanded.*" *Id.* (quoting 28 U.S.C. § 1447(c)). Therefore, if the Court finds that subject matter jurisdiction is lacking, the proper remedy is to remand the matter.

Defendants argue that complete diversity between the parties did not exist. In so arguing, Defendants point to paragraph 14 of the First Amended Complaint, which states "Defendant Udoji-Eddings also committed improper and wrongful acts in Tennessee, against Plaintiff Udoji *as a resident of Tennessee*, in violation of the laws of the state of Tennessee including but not limited to the Tennessee Adult Protection Act." (Doc. #36 at 3 (emphasis added).) Defendants appear to attribute the italicized language as an assertion that Defendant Udoji-Eddings is a resident of Tennessee. The sentence, while awkwardly worded, does not appear to state that Defendant Udoji-Eddings is a resident of Tennessee; instead, it appears to state that Plaintiff Udoji was a resident of Tennessee. Furthermore, Defendants' understanding of the wording is in direct contradiction to the Plaintiffs' assertions in that same document that Plaintiff Udoji was a resident of Tennessee, and that Defendant Udoji-Eddings is a resident of Missouri. (Doc. #36 at 2, ¶¶ 1, 3.) Therefore, this Court rejects Defendants' assertion that complete diversity between the parties did not exist.

Defendants repeatedly argue that this matter cannot be heard outside of the probate action. It appears, that Defendants are attempting to argue that the probate exception applies. "The probate exception is a judicially-created limitation on federal court subject matter jurisdiction, which prohibits the exercise of jurisdiction even where, as here, all the prerequisites for diversity jurisdiction are otherwise present." *Sianis v. Jensen*, 294 F.3d 994, 997 (8th Cir. 2002). As explained by the Supreme Court,

> the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311-12, 126 S. Ct. 1735, 1748 (2006). The probate exception is a judicially created limitation on jurisdiction and is therefore construed narrowly. *Sianis*, 294 at 999. The property at issue is not currently in the custody of a state probate court, instead, Plaintiffs are attempting to recover the property. *See Gustafson v. ZumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) (finding that the probate exception does not apply where the "judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate.") Therefore, the probate exception does not apply, and this Court has subject matter jurisdiction.

Defendants' remaining arguments recognize that the instant matter cannot proceed at this time due to Plaintiff Udoji's death and insist that an executor or personal representative must be appointed by the probate court. To this there is no disagreement. Nevertheless, Defendants, anticipating that a request for substitution under Rule 25 of the Federal Rules of Civil Procedure would be forthcoming, argue that Plaintiff King's claims have been extinguished by the death of

6

Plaintiff Udoji and therefore Rule 25 does not permit substitution.  Defendants' motion to dismiss and/or remand on this point is premature.  Pursuant to Rule 25(a)(1), a motion for substitution is due "within 90 days after service of a statement noting the death[.]"  Fed. R. Civ. P. 25.  The Court notes that Plaintiffs have filed a Motion for Substitution of Party Pursuant to Rule 25(a)(1) (Doc. #65).  Therefore, the Motion to Dismiss or in the Alternative to Remand is denied without prejudice.

Defendants have requested additional time within which to file an answer and for an extension of all scheduling deadlines.  (Doc. #58.)  Defendants' motion is granted.  Defendants' respective answers are due on or before February 20, 2024.  The parties are to submit a proposed scheduling order no later than February 23, 2024.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Defendants' Motion to Dismiss or in the Alternative to Remand (Doc. #63) is DENIED without prejudice.  It is further

ORDERED that Defendants' Motion for Extension of Time to File an Answer to the Plaintiff's First Amended Complaint and to Extend All Scheduling Deadlines (Doc. #58) is GRANTED.  Defendants' respective answers are due on or before February 20, 2024.  The parties are to submit a proposed scheduling order no later than February 23, 2024.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE

# Erica Clinton

| | |
|---|---|
| **From:** | Traci Chorny |
| **Sent:** | Monday, January 29, 2024 8:08 AM |
| **To:** | henry_servicelaw.net |
| **Cc:** | Erica Clinton; Felicia Udoji-Eddings; dan_hobartlaw.com; Jessica Nelson |
| **Subject:** | RE: 22-cv-03314-LMC King et al v. Udoji-Eddings et al |
| | |
| **Expires:** | Saturday, July 27, 2024 12:00 AM |

Thank you for your response.

Traci Chorny
*Courtroom Deputy to the*
  *Honorable US Magistrate Judge Lajuana M. Counts*
Western District of Missouri- Kansas City
Direct:  816-512-5789

---

**From:** Henry Service <henry@servicelaw.net>
**Sent:** Saturday, January 27, 2024 8:54 PM
**To:** Traci Chorny <Traci_Chorny@mow.uscourts.gov>
**Cc:** Erica Clinton <Erica_Clinton@mow.uscourts.gov>; Felicia Udoji-Eddings <fudoji@live.com>; dan_hobartlaw.com <dan@hobartlaw.com>; Jessica Nelson <jessica@servicelaw.net>
**Subject:** RE: 22-cv-03314-LMC King et al v. Udoji-Eddings et al

**CAUTION - EXTERNAL:**

Traci:

It has been our position in this case that all issues concerning the Udoji estate have already been remanded.  It would be inconsistent with our position to consent to proceeding in the USDC.

*Please copy my paralegal, Jessica Nelson, on all correspondence emailed to me.  Her email address is jessica@servicelaw.net.*

Henry C. Service, Esq.
1601 East 18th Street, Suite 370
Kansas City, MO 64108
Office:  (816) 286-4140
Fax:  (816) 421-1386
Email: henry@servicelaw.net
Website: www.servicelaw.net



CONFIDENTIALITY NOTE

The Missouri Bar Disciplinary Counsel requires that all Missouri lawyers notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or some computer unconnected to either of us which this e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

The information contained in this e-mail transmission may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call (816) 286-4140.




**From:** Traci Chorny <Traci_Chorny@mow.uscourts.gov>
**Sent:** Saturday, January 27, 2024 8:48 PM
**To:** Henry Service <henry@servicelaw.net>
**Cc:** Erica Clinton <Erica_Clinton@mow.uscourts.gov>; Felicia Udoji-Eddings <fudoji@live.com>; dan_hobartlaw.com <dan@hobartlaw.com>; Jessica Nelson <jessica@servicelaw.net>
**Subject:** Re: 22-cv-03314-LMC King et al v. Udoji-Eddings et al

To be clear, the attached consent is to proceed in THIS 22cv3314 LMC case in this WDMO court for the entities in which you entered your appearance for. You would be consenting to remain before Magistrate Judge Counts. If you do not consent the case could be transferred to a district judge.

Thanks!

Sent from my iPad
*Traci Chorny*
*Courtroom Deputy to*
 *US Magistrate Judge Lajuana M. Counts*


> On Jan 27, 2024, at 8:29 PM, Henry Service <henry@servicelaw.net> wrote:
>
>
> **CAUTION - EXTERNAL:**

Traci:

I have been retained to represent the said entities in the USDC for the Western District of Missouri. I am not involved in any other matters for Ms. Udoji. I do not have the authority to authorize the suit of my client in any other court. If I am missing something, please advise. So, to be clear, I will not be signing the consent without my client's consent and more information from my client's lawyer who is involved in that case.

***Please copy my paralegal, Jessica Nelson, on all correspondence emailed to me. Her email address is jessica@servicelaw.net.***

Henry C. Service, Esq.
1601 East 18th Street, Suite 370
Kansas City, MO 64108
Office: (816) 286-4140
Fax: (816) 421-1386
Email: henry@servicelaw.net
Website: www.servicelaw.net

<image001.jpg>

CONFIDENTIALITY NOTE

The Missouri Bar Disciplinary Counsel requires that all Missouri lawyers notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication, (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or some computer unconnected to either of us which this e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know AT ONCE.

The information contained in this e-mail transmission may be legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call (816) 286-4140.

<image002.png>

<image003.png>

<image004.png>

<image005.png>
<image006.png>

---

**From:** Traci Chorny <Traci_Chorny@mow.uscourts.gov>
**Sent:** Friday, January 26, 2024 3:22 PM
**To:** Henry Service <henry@servicelaw.net>
**Cc:** Erica Clinton <Erica_Clinton@mow.uscourts.gov>
**Subject:** 22-cv-03314-LMC King et al v. Udoji-Eddings et al

Happy Friday afternoon Mr. Service. In reviewing the case, I noticed that you've entered your appearance for Felicia C. Udoji-Eddings and her co-defendants F and C Homes, LLC and The Health Pals Company, LLC. Mr. Hobart had given us Ms. Udoji-Eddings consent to proceed

before a magistrate- but he only represented Ms. Udoji-Eddings and not F and C Homes, LLC and The Health Pals Company, LLC.

Can you please review and sign the consent (attached as 22cv3314 Magistrate Assignment 012624), and return to me by next Friday, February 2, 2024.

THANK YOU! Have a great weekend.

Traci Chorny
*Courtroom Deputy to the*
   *Honorable US Magistrate Judge Lajuana M. Counts*
Western District of Missouri- Kansas City
Direct:  816-512-5789

**CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.**

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Erica Clinton

| | |
|---|---|
| **From:** | Erica Clinton |
| **Sent:** | Monday, January 29, 2024 1:10 PM |
| **To:** | a.speicher_msblawkc.com; henry_servicelaw.net; hill.law_gmail.com; notices_msblawkc.com; s.becker_msblawkc.com |
| **Subject:** | 22-cv-03314-LMC King et al v. Udoji-Eddings et al |

Good afternoon,

As the parties are aware, the matter was originally assigned to Magistrate Judge Counts and the Notice Regarding Magistrate Judge Jurisdiction Form was sent out and returned by the parties, allowing Magistrate Judge Counts to proceed in this matter. Judge Counts cannot proceed on the pending dispositive motions without consent to proceed by the two recently added Defendants (F and C Homes, LLC and The Health Pals Company, LLC). The newly added Defendants are free to withhold consent without adverse substantive consequences. It is our understanding that the Clerk's office has sent out the Notification of Magistrate Judge Assignment, which allows a party to either consent to the exercise of jurisdiction by a magistrate judge or to request assignment of the case to a district court judge. In order for a prompt ruling on Defendant's Motion to Dismiss or in the Alternative to Remand (Doc. #63), this form must be filled out and returned to the Clerk's office no later than **Friday, February 2, 2024**. Given the length of time this matter has been pending before Judge Counts, the relationship of the two new entities to the existing Defendant who has already consented to proceeding before a magistrate judge, and the failure to specifically object to a magistrate judge proceeding in this matter, the Court will infer consent of the two new Defendants if the form is not returned by February 2, 2024. See *Roell v. Withrow*, 538 U.S. 580, 590, 123 S. Ct. 1696, 1703 (2003) (finding that implied consent is permissible when counsel has been informed of the right to refuse consent and has "signaled consent to the magistrate judge's authority through actions rather than words" by continuing to appear before a magistrate judge). The Court stresses that the newly added Defendants are free to withhold consent without adverse substantive consequences.

For background, Congress has authorized magistrate judges, upon consent of the parties, to "conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves." 28 U.S.C.A. § 636(c)(1); see also Fed. R. Civ. P. 73. The Western District of Missouri includes magistrate judges in the random draw for case assignment. If a magistrate judge is assigned to a case, the Clerk's office sends out a Notice of Magistrate Judge Assignment, requesting the parties review the assignment and either consent or not consent to a magistrate judge conducting all proceedings in the case, including trial. Consenting to a magistrate judge does not affect a party's ability to challenge the Court's subject matter or personal jurisdiction. I encourage the parties to carefully review the form and if you have any questions to contact the Clerk's office.

Regards,

Erica R. Clinton
Law Clerk
Chambers of U.S. Magistrate Judge Lajuana M. Counts
U.S. District Court-Western District-Missouri
816-512-5778
erica_clinton@mow.uscourts.gov