# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| JENNIFER SHEPPARD, Administrator for the Estate of FELICIA O. UDOJI, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 22-03314-CV-S-LMC ) ) |
| FELICIA C. UDOJI-EDDINGS, *et al.*, | ) ) |
| Defendants. | ) ) |

## ORDER

Pending before the Court is Plaintiff's Motion for Clerk Entry of Default Judgment Against Defendants (Doc. #69), Defendants' Motion for the Court to Accept the Respondents' Answer to the Petitiner's [sic] Amemded [sic] Complaint Out of Time (Doc. #73), and Plaintiffs' Motion to Extend a Scheduling Deadline (Doc. #54.)

### I. Background

The First Amended Complaint Against Defendants in this matter, which added Defendants F and C Homes, LLC and The Health Pals Company LLC, was filed on May 10, 2023. (Doc. #36.) On June 7, 2023, the Court extended the deadline for responsive pleading to July 9, 2023. (Doc. #42.) Despite the extension of time, Defendant Udoji-Eddings failed to file an answer or otherwise respond to the First Amended Complaint. Plaintiffs attempted service on Defendants F and C Homes, LLC and The Health Pals Company, LLC, but were unsuccessful. (Doc. ## 39, 40, 43, 44.) On August 29, 2023, Plaintiffs filed an Affidavit of Service which indicated that Defendant F and C Homes, LLC was served by serving the Secretary of State. (Doc. #46.) There is no proof of service as to The Health Pals Company, LLC.

Discovery closed on August 14, 2023. (Doc. #26.) On August 29, 2023, Defendant Udoji-Eddings's attorney requested to withdraw from this matter. (Doc. #45.) A telephone conference was held on September 14, 2023. Defense counsel was permitted to withdraw, and Defendant Udoji-Eddings was given 45 days to find new counsel. (Doc. #52.) During this time, Plaintiffs requested an extension of the discovery deadline so that Plaintiffs could depose the Defendants. (Doc. #54.)

On October 20, 2023, defense counsel entered an appearance on behalf of all Defendants and requested an extension of all deadlines, including a request for an extension to file responsive pleadings. (Doc. ## 57, 58.) The parties were directed to meet and develop a proposed discovery and trial schedule, and the Court set a deadline of November 6, 2023, for the proposed schedule. (Doc. #59.) On October 23, 2023, Defendants filed suggestions of death as to Plaintiff Felicia O. Udoji. (Doc. #60.) A telephone conference was held on November 14, 2023, at which time the Court granted Defendants 30 days to file a motion to remand. (Doc. #62.) Defendants[1] filed a Motion to Dismiss or in the Alternative to Remand, which the Court denied on February 6, 2024. (Doc. #66.) At that time the Court ordered the Defendants to file their answers or other responsive pleadings no later than February 20, 2024, and the parties were to file a proposed scheduling order no later than February 23, 2024. (Doc. #66.)

Defendants failed to timely answer or file responsive pleadings. On February 23, 2024, Plaintiff[2] filed a proposed amended case management report and discovery schedule noting that

---

[1] Because Defendants in the plural filed the Motion to Dismiss or in the Alternative to Remand any "objections to insufficiency of process or insufficiency of service of process are waived[.]" *Photolab Corp. v. Simplex Specialty Co.*, 806 F.2d 807, 810 (8th Cir. 1986) (finding that Rules 12(g) and (h) of the Federal Rules of Civil Procedure require such objections to be "raised in the answer or by motion before the filing of a responsive pleading.")

[2] With the death of Plaintiff Udoji, the only remaining Plaintiff in this matter is the administrator of Ms. Udoji's estate, Jennifer Sheppard. (Doc. #67.)

2

Defendants have not responded to any of her communication and therefore did not participate in developing a case management report or discovery schedule. (Doc. #68.) Plaintiff filed the Motion for Clerk Entry of Default Judgment Against Defendants on March 11, 2024, after providing two-week notice to Defendants. (Doc. #69.) On March 13, 2024, Defendant Udoji-Eddings attempted to file an answer without seeking leave to do so. The answer was stricken from the record. (Doc. #72.) On March 14, 2024, Defendants filed a motion for extension of time to answer and attempted to file the answer prior to a ruling on the motion. (Doc. ## 73, 74.) That answer was similarly stricken from the record. (Doc. #76.) Since that time, Defendants have attempted to propound discovery on Plaintiff. (Doc. ## 77, 78, 79.) The Court stayed the matter until resolution of Plaintiff's Motion for Clerk Entry of Default Judgment Against Defendants. (Doc. #83.)

## II. Decision

The Federal Rules of Civil Procedure require a two-step process for the entry of a default judgment. Fed. R. Civ. P. 55. The first step in the process is for a request by a party, supported by affidavit, for the entry of default by the clerk. Fed. R. Civ. P. 55(a)(a). The next step is for entry of default judgment. The rule provides:

> (b) Entering a Default Judgment.
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;

3

    (C) establish the truth of any allegation by evidence; or
    (D) investigate any other matter.

Fed. R. Civ. P. 55(b).  "[E]ntry of default under Rule 55(a) <u>must</u> precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) (emphasis added).  The Court recognizes that while Plaintiff briefly mentions Rule 55(a), she does not formally request the entry of default and instead has requested default judgment pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure.  As such, Plaintiff has skipped an essential step.

  Additionally, the Court finds that default judgment would not be appropriate at this time.  The entry of a default judgment is within the sound discretion of the trial court.  *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977).  Default judgment, however, is disfavored and "there is a 'judicial preference for adjudication on the merits.'"  *Belcourt Pub. Sch. Dist. v. Davis*, 786 F.3d 653, 661 (8th Cir. 2015).  "The entry of a default judgment for a marginal failure to comply with the time requirements . . . should be distinguished from dismissals or other sanctions imposed for willful violations of court rules, contumacious conduct, or intentional delays."  *U.S. on Behalf of & for Use of Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993).

  The Court notes that this matter has been lingering for quite some time and the original Plaintiff has passed.  The Court is further cognizant that the withdrawal of original defense counsel led to delays.  Since entering an appearance, however, current defense counsel has failed to comply with deadlines and failed to cooperate with Plaintiff's counsel.  The question is whether such failures are marginal or are intentional.  The Court, at this time, is unwilling to find that Defendants' failures warrant a default judgment.  Defendants have signaled an intention to defend against this litigation by attempting to file an answer and requesting additional time for doing so.

4

In fact, Defendants' attempt to file an answer was only twenty-two days after the deadline set by this Court on February 6, 2024. Therefore, while there has been extended delays in this matter, the delay associated with Defendants' answer being filed was not prolonged. Default judgment is therefore not warranted.

The Court next turns to Defendants' Motion for the Court to Accept the Respondents' Answer to the Petitiner's [sic] Amemded [sic] Complaint Out of Time, which essentially requests an extension of time within which to answer. (Doc. #73.) Defense counsel asserts that the answer was not timely filed due to "multiple communications with various counsel for the Respondents in Tennessee" as well as the need to obtain necessary exhibits. (Doc. #73 at 2.) Plaintiff argues Defendants have not established excusable neglect under Rule 6(b)(1)(B) and should not be permitted to answer. (Doc. #80.) "Excusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, ... late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010). The inquiry as to whether excusable neglect is present is an equitable one and takes into consideration "the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854–55 (8th Cir. 2021). As discussed above, the delay in filing the answer was not prolonged and while the Court recognizes that Plaintiff incurred costs in the way of attorney fees in filing the Motion for Clerk Entry of Default Judgment Against Defendants, the Court is not aware of any other prejudice to the Plaintiff. The Court is further cognizant of the fact that this matter is related to ongoing litigation in Tennessee, however, a timely request for an extension of time should have been filed. The Court will grant the request to file the answer out

of time but cautions defense counsel that further failures to follow Court orders may result in sanctions.

Prior to filing the answer, defense counsel is directed to clarify the answer to reflect which parties are filing the answer. The Court notes that the title of the proposed answer indicates that it is Respondent Udoji-Eddings's answer. Throughout the pleading, however, Respondents in the plural are referenced. Therefore, it is unclear whether the answer is from Defendant Udoji-Eddings or all three Defendants. Defendants' answers are due on or before May 16, 2024.

Finally, Plaintiffs' Motion to Extend a Scheduling Deadline (Doc. #54) is granted, and a separate scheduling order will follow.

### III. Conclusion

It is therefore

ORDERED that Plaintiff's Motion for Clerk Entry of Default Judgment Against Defendants (Doc. #69) is DENIED. It is further,

ORDERED that Defendants' Motion for the Court to Accept the Respondents' Answer to the Petitiner's [sic] Amemded [sic] Complaint Out of Time (Doc. #73) is GRANTED. Defendants answer(s) is due on or before May 16, 2024. It is further,

ORDERED that the stay is lifted. It is further,

ORDERED that Plaintiffs' Motion to Extend a Scheduling Deadline (Doc. #54) is GRANTED. A separate scheduling order will follow.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE